IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDEL PADILLA, ) | No. C 09-5782 JSW (PR) |
| ) | |
| Plaintiff, ) | **ORDER OF DISMISSAL WITH** |
| ) | **LEAVE TO AMEND** |
| v. ) | |
| ) | |
| SAN QUENTIN STATE PRISON, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## INTRODUCTION

Plaintiff, a California prisoner, has filed this pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. This Court now reviews the Complaint pursuant to 28 U.S.C. § 1915A and dismisses the complaint with leave to amend within thirty days.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff originally filed this action in the Eastern District of California, and it was later transferred to this Court. Plaintiff was notified that he would need to file his claims on a complaint form, and he filed a form complaint on December 8, 2009. On January 29, 2010, he filed another form complaint herein. The Court construes this latter complaint as an attempt to file an amended complaint and, so construed, grants him leave to file it. The "complaint" filed on January 29, 2010, will be referred to hereinafter as the amended complaint.

The amended complaint contains a lengthy list of improperly joined claims. Federal Rule 20 provides:

> All persons. . .may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of transactions or

>occurrences and if any question of law or fact common to all defendants will arise in the action.

F. R. Civ. P. 20(a). The amended complaint sets forth a list of 18 Defendants. With respect to each Defendant, Plaintiff sets forth a wide variety of claims, including from "extortion," harassment, excessive force, "stalking," planting evidence, false disciplinary measures, robbery, and threats. These claims are alleged to have arisen from actions taken prior to Plaintiff's incarceration, both in El Salvador and the United States, and on many different occasions in prison. As alleged, these claims did not arise out of the same transaction, occurrence or series of occurrences, and Plaintiff has not alleged a common question of law or fact, the Court finds the claims and Defendants improperly joined. Although a court may strike individual claims that are not properly joined, the Court cannot here determine which of the many claims Plaintiff may wish to keep and which he wants to omit. Thus, instead of dismissing certain claims and Defendants, the Court now dismisses the amended complaint with leave to file a second amended complaint.

The second amended complaint must comply with Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants, and if it does not then this action will be dismissed. Rule 20(a) requires that a plaintiff cannot assert a grab-bag of unrelated claims against different defendants. In his second amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Claims that do not satisfy Rule 20(a) must be alleged in separate complaints filed in separate actions.

In addition to improper joinder, the Court notes another pervasive deficiency in the amended complaint. Plaintiff makes many conclusory allegations. For example, he claims that many of the Defendants engaged in "extortion," "planted" evidence, and engaged in "terrorist threats," but he does not allege facts that describe how, when, where and these violations occurred. If claims in the second amended complaint are based on conclusory allegations, they will be dismissed.

**CONCLUSION**

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above. Plaintiff shall file an amended complaint within ***thirty (30) days from the date of this order*** in which he asserts factual allegations against all Defendants named therein. The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED SECOND AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original or amended complaints by reference. Failure to amend within the designated time and in accordance with this order will result in the dismissal of these claims.

2. As Plaintiff's claims are within his personal knowledge, and in light of both his prior opportunity to amend and the age of this case, only a minor extension of this deadline will be considered and will only be granted upon a showing by Plaintiff of good cause.

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: November 8, 2010

JEFFREY S. WHITE
United States District Judge

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | FOR THE | |
| 3 | NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| FIDEL PADILLA, | Case Number: CV09-05782 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| HORACIO et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 8, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Fidel Padilla V-72162
California Correctional Institution
4a-8b-102-(s)
P.O. Box 1902
Tehachapi, CA 93581

Dated: November 8, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk